IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN KIRBY <br> (BOP Register No. 70270-061), <br><br> Plaintiff, <br><br> V. <br><br> CHIEF U.S. MARSHAL, ET AL., <br><br> Defendants. | § § § § § § § § § § § | No. 3:16-cv-1393-O-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Stephen Kirby, a federal inmate proceeding *pro se*, has filed a civil action for monetary damages against various federal officials, including the Director of the Federal Bureau of Prisons ("BOP")'s Designation and Sentence Computation Center ("DSCC"), located in Grand Prairie, Texas, within the Northern District of Texas. United States District Judge Reed O'Connor has referred this action to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice to it being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

**Applicable Background**

In 2012, Kirby pleaded guilty to one count of distributing child pornography, and, in 2013, he was sentenced to 60 months' incarceration. *See United States v. Kirby*,

Nos. 3:12-cr-120 & 3:15-cv-013, 2015 WL 196176, at *1 (S.D. Ohio Jan. 14, 2015), *rec. supp.*, 2015 WL 1954593 (S.D. Ohio Feb. 12, 2015), *rec. adopted*, 2015 WL 1954595 (S.D. Ohio Apr. 29, 2015).

This action for monetary damages against federal officers based on alleged violations of constitutional rights, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is based on Kirby's assertion that the "DSCC did a calculation of time due him and made two grave errors. First, they calculated his 85% so it comes out to at 87%, and more seriously, they did not credit any of the time spent under 'Enlarged Detention Order Conditions' Pretrial." Dkt. No. 3 at 2.

Kirby alleges that the current calculation of his release from incarceration "omits 18 months spent under pretrial detention orders with enlarged conditions where Habeas Corpus lied to test the legality of, and the release date on which imprisonment will cease." *Id.* at 5; *see also Kirby*, 2015 WL 1954595, at *2 (rejecting Kirby's related claim under 28 U.S.C. § 2255 that his counsel was ineffective regarding pretrial detention credit – "controlling precedent holds that home confinement does not constitute 'official detention' under Section 3585(b), and therefore is not credited against the time to be served under a sentence of imprisonment" (citing *Reno v. Koray*, 515 U.S. 50 (1995), and *United States v. Becak*, 954 F.2d 386 (6th Cir. 1992))).

Kirby further asserts that he notified federal officials – the United States Marshal, the DSCC, and the warden at the BOP institution at which he is incarcerated – of his claims more than 30 days ago and that he has not received a response. *See*

Dkt. No. 3 at 6-7 ("Over thirty (30) days ago concurrently with the U.S. Marshals, Plaintiff contact DSCC ... and asked that they cease and desist relying on U.S. Marshal records for the reasons that herein, and there has been no notice to Plaintiff of a recalculation excluding reliance upon the generic label of the pretrial detention time in the U.S. Marshal's detention order.... Knowing that Plaintiff did what they are supposed to do for Plaintiff, FCI Elkton should have taken proactive steps to show it was taking the matter seriously, but instead did nothing discernable or substantial.").

**Legal Standards and Analysis**

While Kirby asserts that he has notified defendants of the alleged calculation errors, errors which, if valid, impact the duration of confinement as imposed by his original sentence, it is clear from Kirby's complaint that he has not sought, nor has he obtained, habeas relief as to the claimed calculation errors. "Absent a showing that [his] sentence has been invalidated," likely through a successful habeas action, "he cannot recover damages in this action." *Ceasar v. Fed. Bureau of Prisons*, 532 F. Supp. 2d 1, 4 (D.D.C. 2008) (citing *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) ("The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions.").

"[A] challenge to the duration of a prisoner's confinement is a habeas claim." *Id.* at 3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[H]abeas corpus relief is not limited to immediate release from illegal custody," and "is available as well to attack future confinement and obtain future releases."). And when, like here, a prisoner brings a *Bivens* action challenging "the duration of his confinement," he "must exhaust

his remedies available to him through habeas corpus before pursuing his *Bivens* claims." *Whitehurst v. Jones*, 278 F. App'x 362, 363 (5th Cir. 2008) (per curiam) (citing *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement."); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)).

Relatedly, Kirby's *Bivens* action implicates *Heck v. Humphrey*, 512 U.S. 477 (1994).

> *Heck* prohibits a plaintiff from using a [a civil] suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Consequently, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Id.* at 498 n.14 (alteration omitted) (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."). This is because "factual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (alterations and citation omitted).

*Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam).

Here, Kirby is challenging the duration of his confinement as imposed by the original judgment. Therefore, *Heck* applies, because "[s]uccess in the instant action would ... affect the validity of [his] underlying conviction or the duration of his

sentence." *Mosley v. White*, 464 F. App'x 206, 210-11 (5th Cir. 2010) (per curiam) (discussing the application of *Heck* through *Edwards v. Balisok*, 520 U.S. 641 (1997), and citing *Muhammad v. Close*, 540 U.S. 749, 751 & n.1 (2004) (reiterating that *Heck* is not "implicated by a prisoner's challenge that threatens no consequence for his [underlying] conviction or the duration of his sentence" and that "[t]he assumption is that the incarceration that matters under *Heck* is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules")); *see also, e.g., Bethea v. Francis*, No. 2:07cv102, 2008 WL 2937599, at *3 (N.D. W. Va. July 23, 2008) ("Pertinent to this case, several courts have also applied the holding in *Heck* to a prisoner's challenge to the calculation of his sentence. *See Neff v. MCI-H*, 2004 WL 1205693 (4th Cir. June 2, 2004) (upholding *Heck* dismissal of claim that DOC miscalculated the prisoner's release date); *Caesar v. BOP*, 2008 WL 219614 (D.D.C. Jan. 28, 2008) (*Bivens* claim for monetary damages based on miscalculated release date is barred if cannot show sentence calculation previously found to be invalid); *Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (*Bivens* action challenging calculation of sentence is barred by *Heck* where plaintiff has failed to show that sentence calculation has been declared invalid).").

## Recommendation

The Court should dismiss this action with prejudice to it being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 24, 2016

                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE